**John M. Coletti**, OSB No. 942740
E-mail:  john@paulsoncoletti.com
**PAULSON COLETTI TRIAL ATTORNEYS PC**
1022 NW Marshall Street, Suite 450
Portland OR  97209
Phone: (503) 226-6361
Facsimile: (503) 226-6276

**Shenoa L. Payne,** OSB No. 084392
E-mail:  spayne@hk-law.com
**SHENOA PAYNE ATTORNEY AT LAW PC**
385 First Street, Suite 221
Lake Oswego, Oregon 97034
Phone: (503) 546-1506
Facsimile: (503) 546-1504

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DARIAN STANFORD, as Personal Representative of the ESTATE OF AIMIE ZDRANTAN**.<br>          Plaintiff,<br>     v.<br>**WASHINGTON COUNTY**, a municipal corporation of the State of Oregon; **WASHINGTON COUNTY COMMUNITY CORRECTIONS CENTER**, a municipal corporation of the State of Oregon; **STEVE BERGER**, an individual; **KARLEIGH MOLLAHAN**, an individual; **DARITA GORMAN**, an individual, **PETER DAN**, an individual; and **DOREEN DREYER**, an individual.<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>42 U.S.C. § 1983<br><br>Punitive Damages<br><br>Wrongful Death<br><br>DEMAND FOR JURY TRIAL |

Page 1 of 12–- COMPLAINT

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

Plaintiff alleges as follows:

## INTRODUCTION

1. Aimie Zdrantan was murdered by Eric Petersen while he was in the custody and care of defendant Washington County (WCO). Mr. Petersen had been transferred to the Washington County Community Corrections Center (WCCCC). Despite a long history of violence toward Ms. Zdrantan and her family, and the fact that Ms. Zdrantan had multiple no-contact orders in place, defendants Steve Berger, Karleigh Mollahan, Darita Gorman, Peter Dan and Doreen Dreyer, all employees of defendant WCO, permitted Mr. Petersen to leave WCCCC on a work release without confirming he had employment only a week after his transfer. Mr. Petersen did not return to WCCCC, but instead broke into Ms. Zdrantan's apartment and brutally raped and stabbed her to death. Defendants were aware of the dangers he posed to Ms. Zdrantan, and consciously chose to permit Mr. Peterson to enter the community unsupervised without any warning to Ms. Zdrantan or her family. Defendants conduct, which affirmatively placed Ms. Zdrantan in a danger she otherwise would not have faced, violated her Substantive Due Process rights in violation of Section 1983 of the Civil Rights Act of 1964, 42 U.S.C. § 1983. Following her death and despite recommendations by a Grand Jury to change the policies at WCCCC to protect the public, the defendants refused to take any corrective action to prevent similar attacks.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Estate's claims arise under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

/ / /

Page 2 of 12–- COMPLAINT

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

3.      This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  Plaintiff's state law claims are so related to their federal claims that they form part of the same case or controversy.

4.      Venue is proper in this District under 28 U.S.C. § 1391(a)(2) and (3).  The events giving rise to this Complaint occurred in this district and defendants' conduct occurred within this District.

5.      This complaint is properly filed in the Portland Division.  A substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this Division.

6.      The plaintiff served timely written notice of its claims to defendant Washington County on or about May 12, 2015.

## PARTIES

7.      Plaintiff Darian Stanford, as personal representative of the Estate of Aimie Zdrantan who died at age 24, is the duly appointed, qualified and acting personal representative of Ms. Zdrantan's estate ("the Estate").  Aimie Zdrantan is survived by her daughter Alexis Zdrantan and her parents Stelian Zdrantan and Alice Alinger.

8.      Defendant Washington County (WCO) is a municipal corporation of the State of Oregon.

9.      Defendant Washington County Community Corrections Center (WCCCC) is a municipal corporation of the State of Oregon that is owned and operated by defendant WCO.

10.     Defendant Steve Berger is the Director of WCCCC and at all times mentioned was working in the course and scope of his employment for defendant WCO which owns and operates WCCCC.

/ / /

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

11. Defendant Karleigh Mollahan is the Manager of WCCCC and at all times mentioned was working in the course and scope of her employment for defendant WCO which owns and operates WCCCC

12. At all relevant times, defendants Doreen Dreyer, Darita Gorman and Peter Dan were working in the course and scope of their employment for defendants WCO and WCCCC.

## FACTUAL ALLEGATIONS

13. On or about August 28, 2014, Ms. Zdrantan was murdered by her former partner, Eric Petersen.

14. Mr. Petersen had a history of violence toward Ms. Zdrantan and her family.

15. On or about March 6, 2013, Ms. Zdrantan obtained a Family Abuse Prevention Act (FAPA) restraining order against Mr. Petersen. The restraining order included a finding that Mr. Petersen was a credible threat to the physical safety of Ms. Zdrantan.

16. On or about May 5, 2013, Mr. Zdrantan contacted Hillsboro police to report that Mr. Petersen had violated the restraining order against Ms. Zdrantan. On or about April 23, 2013, Mr. Petersen called Ms. Zdrantan about 30 times and sent her approximately 19 text messages.

17. On or about June 5, 2013, Mr. Petersen was convicted of contempt of court due to violating the March 6, 2013 FAPA restraining order. As part of his sentence, Mr. Petersen was placed on three years' probation and given a no-contact order for Ms. Zdrantan and her child Alexis.

18. On or about June 13, 2013, Mr. Petersen was convicted of a Class C Felony of Unlawful Use of a Weapon Against Another based on possessing a knife with the intent to use it against Ms. Zdrantan's father, Stelian Zdrantan. He was sentenced to 25 days' jail, given a no-

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

contact order for Stelian and Aimie Zdrantan and Ms. Zdrantan's child, prohibited him from owning/possessing/or controlling a firearm/weapon, and placed him on three years' probation, which included domestic violence treatment, anger treatment, and other conditions of probation.

19. On or about August 20, 2014, Mr. Petersen was transferred to defendant WCCCC to carry out the remainder of his sentence on the Unlawful Use of a Weapon conviction.

20. The WCCCC is a center that provides transitional support for male and female offenders.

21. WCCCC releases its offenders into the community on work release programs. Offenders are not to be released into the community within the first 7-14 days of being transferred to WCCCC unless the offender has verified employment.

22. WCCCC's policy is to be aware of no-contact orders and to contact victims of crimes to ensure they have the most up-to-date contact information of the victim.

23. The policies and procedures regarding supervision of individuals at WCCCC, including Mr. Petersen, were created by and/or controlled by defendants Berger and Mollahan.

24. On or about August 28, 2014, around 9:49 am, defendant Dreyer permitted Mr. Petersen to leave WCCCC on a pass to go to Labor Ready in Hillsboro, a temporary employee placement center. On information and belief, Mr. Petersen did not have verified employment at that time. Defendant Dreyer instructed Mr. Petersen to return to WCCCC no later than 12:00 p.m.

25. Defendant Dreyer knew or should have known of the risks that Mr. Petersen posed to Ms. Zdrantan, but consciously chose to permit Mr. Petersen to leave WCCCC's custody. She did not inform, warn, or otherwise notify Ms. Zdrantan that Mr. Petersen was on a pass.

/ / /

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

26.     At all times relevant, it was defendants WCO and WCCCC's official policy and long-term practice to permit offenders to leave WCCCC and enter into the community unsupervised on work release, regardless of their previous criminal offense, without the use of GPS or other location monitoring devices.

27.     Around 11:53 a.m. on August 28, 2014, Mr. Petersen called defendants WCO and WCCCC, by and through employee Peter Dan, and informed it that he had gone to Clackamas Town Center without permission.

28.     WCO and WCCCC took no action to inform, warn, or otherwise notify Ms. Zdrantan or her family that Mr. Petersen was in the community, unsupervised, or unaccounted for.

29.     Over three hours later, around 3:00 p.m., defendant Dreyer determined that Mr. Petersen was an "unauthorized departure" from WCCC.

30.     WCO and WCCCC, by and through employee Danita Gorman, finally attempted to notify Ms. Zdrantan that Mr. Petersen was an unauthorized departure, but the number on file was not current and came up "disconnected."  On information and belief, WCO took no further action to notify Ms. Zdrantan, such as contacting her family members or attempting to obtain recent contact information or send someone to warn her.

31.     Sometime during the afternoon of August 28, 2014, Mr. Petersen broke into Ms. Zdrantan's apartment and sodomized, kidnapped, battered, and stabbed her in the throat. Ms. Zdrantan was found dead in her apartment around 11 pm.

32.     Defendants knew or should have known of several prior incidents of residents of WCCC engaging in criminal activity while out on passes.

/ / /

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

33. Defendants knew or should have known of Mr. Petersen's violent history and the danger that Mr. Petersen posed to Ms. Zdrantan.

34. On or about March 7, 2016, Mr. Petersen was convicted of aggravated murder and sentenced to true life in prison without the possibility of parole.

### FIRST CLAIM FOR RELIEF
### On Behalf of the Estate
### (42 U.S.C. § 1983)

35. The Estate realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendants are state actors acting under color of law.

37. Defendants' conduct constituted an unjustified intrusion on Ms. Zdrantan's personal safety in violation of her substantive due process rights under the Fourteen Amendment to the United States Constitution.

38. The defendants affirmatively placed Ms. Zdrantan in a position of danger in which she would not otherwise have faced.

39. The risk of harm to Ms. Zdrantan – death – was substantial, posing a serious risk of injury.

40. Despite knowledge of the serious risks, the defendants made a conscious choice to disregard the substantial risk of serious harm.

41. The defendants acted with deliberate indifference to a known or obvious danger in subjecting Ms. Zdrantan to such danger.

42. The defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of defendants WCO and WCCCC.

/ / /

/ / /

Page 7 of 12–- COMPLAINT

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

43. Defendants WCO and WCCCC's official policies, longstanding practices and/or customs caused the deprivation of Ms. Zdrantan's rights and/or were so closely related to the deprivation of Ms. Zdrantan's rights as to be the moving force that caused the ultimate injury.

44. The individual defendants had final policymaking authority from defendants WCO and WCCCC concerning the above unlawful acts.

45. When the individual defendants engaged in these acts, they were acting as final policymakers for defendants WCO and WCCCC.

46. The acts of the individual defendants caused the deprivation of Ms. Zdrantan's rights and/or are so closely related to the deprivation of Ms. Zdrantan's rights as to be the moving force that caused the ultimate injury.

47. Defendants WCO and WCCCC's training policies were not adequate to train its employees to handle the usual and recurring situations with which they must deal;

48. Defendants WCO and WCCCC were deliberately indifferent to the obvious consequences of the failure to train employees adequately; and

49. Defendants WCO and WCCCC's failure to provide adequate training caused the deprivation of Ms. Zdrantan's rights and/or are so closely related to the deprivation of Ms. Zdrantan's rights as to be the moving force that caused the ultimate injury.

50. Defendants' conduct was a substantial factor in causing Ms. Zdrantan's death.

51. The Estate is entitled to equitable relief, and is entitled to compensatory damages in an amount to be determined at trial, but not expected to exceed $30,000,000.

52. Following Ms. Zdrantan's death, a Washington County Grand Jury made several recommendations to defendants WCO and WCCCC by and through defendants Berger and

/ / /

Page 8 of 12–- COMPLAINT

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

Mollahan to protect the public from similar attacks in the future, but was advised by defendants Berger and Mollahan that no changes would be made.

53.     As the result of the defendants' actions and conduct both before and after Ms. Zdantran's death, the Estate is entitled to an award to punitive damages in an amount to be determined by a jury at trial.

54.     Pursuant to 42 U.S.C. § 1988(b), the Estate is entitled to its reasonable attorney fees, costs, and disbursements in prosecuting this claim.

**SECOND CLAIM FOR RELIEF**
<u>**On behalf of the Estate**</u>
**(Wrongful Death)**

55.     The Estate realleges paragraphs 1 through 34 above as though fully set forth herein.

56.     Defendants failed to exercise reasonable care to protect Ms. Zdrantan from harm by, among other things:

    a.     Permitting Mr. Petersen to leave the custody and control of WCCCC unsupervised;

    b.     Permitting Mr. Petersen to leave the custody and control of WCCCC without an electronic monitoring device;

    c.     Permitting Mr. Petersen to leave the custody and control of WCCCC when defendants know or should have known that he had a violent history and was a credible threat to Ms. Zdrantan and her family;

    d.     Permitting Mr. Petersen to leave the custody and control of WCCCC when defendants knew or should have known that Ms. Zdrantan and her family had an outstanding no-contact order against him;

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

  e. Permitting Mr. Petersen to leave WCCCC without verifiable employment;

  f. Failing to contact Ms. Zdrantan to notify her that Mr. Petersen was transferred to WCCC;

  g. Failing to contact Ms. Zdrantan or her family to notify her that Mr. Petersen was in the community unsupervised on work release;

  h. Failing to immediately contact Ms. Zdrantan or her family once Mr. Petersen notified defendants that he did not report to his verified employer;

  i. Waiting three hours before attempting to notify Ms. Zdrantan or her family that Mr. Petersen's location was unaccounted for;

  j. Failing to ensure defendants had Ms. Zdrantan's updated contact information;

  k. Failing to attempt to contact Ms. Zdrantan's family or make other efforts to reach her once defendants' initial efforts to contact her failed.

57. Defendants' conduct unreasonably created a foreseeable risk of harm to Ms. Zdrantan.

58. Defendants' conduct was unreasonable in light of that risk.

59. Defendants' conduct was a substantial factor in causing Ms. Zdrantan's death.

60. The Estate is entitled to compensatory damages in an amount to be determined at trial, but in no event less than $30,000,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court provide trial by jury and a judgment providing the following relief:

Page 10 of 12—- COMPLAINT

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

1. On Plaintiff's First and Second Claims for Relief, awarding decedent Aimie Zdrantan's Estate compensatory damages in a reasonable amount to be determined by a jury at trial, but not expected to exceed $30,000,000.

2. On Plaintiff's First Claim for Relief, awarding the Estate its reasonable attorney's fees, costs and disbursements;

3. On Plaintiff's First Claim for Relief, awarding punitive damages in a reasonable amount to be determined by a jury at trial;

4. On Plaintiff's First Claim for Relief, an order that:

    a. Requires defendants WCO and WCCCC to cease releasing offenders from WCCC on work-release if they have committed violent felonies;

    b. Requires defendants WCO and WCCCC to cease releasing offenders from WCCC on work-release if they have outstanding no-contact orders for physical abuse and are considered credible threats to the petitioner;

    c. Requires defendants WCO and WCCCC to track offenders released from WCCC on work-release via GPS or other tracking devices.

    d. Requires defendants WCO and WCCCC to ensure WCCC has valid and up-to-date contact information for victims of crimes;

    e. Requires defendants WCO and WCCCC to ensure WCCC has valid and up-to-date contact information for individuals with FAPA or other restraining orders against offenders in WCCC; and

    f. Requires defendants WCO and WCCCC to immediately contact a victim or individual with a no-contact order if an offender from WCCC is unaccounted for (rather than wait a three-hour period).

Page 11 of 12 –- COMPLAINT

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276

5. On All Claims for Relief, awarding plaintiff pre-judgment interest on all damages at the highest rate allowed by law; and

6. On All Claims for Relief, granting such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff demands trial by jury in this action on all issues triable by a jury.

DATED this 25th day of August, 2016.

        PAULSON COLETTI
        Trial Attorneys PC


By: /s/ *John M. Coletti*
    John M. Coletti, OSB No. 942740
    Of Attorneys for Plaintiff

Page 12 of 12–- COMPLAINT

PAULSON COLETTI
TRIAL ATTORNEYS PC
1022 NW MARSHALL, STE. 450
Portland, Oregon 97209
Telephone 503.226.6361
Facsimile 503.226.6276